Dear Mr. Wells,
As attorney for the Rapides Parish Police Jury, you have requested an opinion of this office on the use of inmate labor to tear down condemned property and overgrown lots. According to your opinion request, the Rapides Parish Police Jury would like to use inmate labor to tear down properties that have been condemned by the police jury as well as to cut overgrown lots. The prior sheriff would allow inmate labor to do this under an intergovernmental agreement with the police jury, but the new sheriff has questioned the legality of using inmate labor to perform these services. Specifically, you ask the following:
 1. Is it legal to use inmates to demolish buildings or properties condemned by the Parish and overgrown lots that are in violation of the Jury's ordinances?
 2. If it is legal, what is the liability exposure to the Sheriff?
 3. Is the Sheriff protected by any limitation of liability statutes that would insulate the Sheriff in this activity?
 4. Is it legal for the Parish to allow private individuals to participate in the demolition process?
 5. If it is, then is the Jury protected from these individuals by any limitation of liability statues?
La.R.S. 33:4761 provides that, "[t]he governing authority of any parish or municipality may condemn and cause to be demolished or removed any building or structure within the parish or municipality when it is in a dilapidated and *Page 2 
dangerous condition which endangers the public welfare." La.R.S. 33:4761, et seq., sets forth the procedure that must be followed for property to be condemned. Once there has been a decision and order to condemn property, and "[i]n the event the owner or occupant of the building or structure fails or refuses to comply with the decision of the governing authority of the parish or municipality and fails to appeal therefrom within the legal delays . . . then, in that event, the mayor or chief executive may proceed with the demolition or removal of the condemned building, structure, or public nuisance. . . ." La.R.S. 33.4765(B).
Pursuant to La.R.S. 33:1236(21)(a)(i), police juries are also authorized to "compel property owners to cut grass and obnoxious weeds on their property." If the property owner fails to do so when requested, "within fifteen days after receipt of a registered or certified letter by the police jury of said parish, the police jury shall have authority to have such grass and weeds cut and removed and to charge the property owners therefor in accordance with regulations adopted by the police jury." La.R.S. 33:1236(21)(a)(i).
Subject to certain limitations, the use of inmate labor, whether it be a parish or state prisoner in the parish jail, is authorized by La.R.S. 15:708(A)(1), which provides as follows:
 Whenever a prisoner sentenced to a parish prison of any parish of the state, by any court of competent jurisdiction, or a prisoner in a parish prison awaiting transfer to a state correctional facility shall be willing of his own free will to perform manual labor upon any of the public roads, levees, streets, or public buildings, works, or improvements inside or outside of the prison, or in or upon the buildings, other improvements, or property of any organization which has qualified for tax-exempt status under 26 USC 501(c)(3), 501(c)(19), or 501(c)(23), the sheriff may set the prisoner to work. Work authorized pursuant to this Paragraph also specifically includes participation in litter abatement or collection programs to police and remove litter on public grounds, rights-of-way, lakes, streams, the shores of lakes and streams, public roads, levees, or streets.
This statute permits willing inmates to perform manual labor on "public roads, levees, streets, or public buildings, works, or improvements inside or outside of the prison, or in or upon the buildings, other improvements, or property of any organization which has qualified for tax-exempt status under 26 USC 501 (c)(3),501(c)(19), or 501(c)(23)" but does not permit the use of inmate labor on any other private property. Therefore, in response to your first question, if the property being condemned is private property (other than property owned by an organization with a 501(c)(3), (c)(19) or (c)(23) tax exempt status) and the *Page 3 
condemnation proceeding does not result in the political subdivision becoming owner of the property (as in an expropriation proceeding), then inmate labor cannot be used on the property.[1] Therefore, your second and third questions, as they relate to private buildings, properties, or overgrown lots are rendered moot.
In the event that the condemned property or overgrown lots are public property or property owned by a non-profit organization, then inmate labor can be used. In such instances, La.R.S. 15:708(H) limits the sheriffs and parish's liability by providing as follows:
 H. A prisoner participating in any of the inmate labor programs authorized by this Section shall have no cause of action for damages against the sheriff or any parish or municipal authority conducting the program or supervising his participation therein, nor against any deputy, employee, or agent of such sheriff or parish or municipal authority, for any injury or loss suffered by him during or arising out of his participation in the program, unless the injury or loss was caused by the intentional or grossly negligent act or omission of the sheriff or the parish or municipal authority or the deputy, employee, or agent of the sheriff or parish or municipal authority. Nor shall liability be imposed on the sheriff or the parish or municipal authority or the deputies, employees, or agents of the sheriff or the parish or municipal authority for any injury caused by a prisoner participating in any of the inmate labor programs authorized by this Section unless the gross negligence or intentional act of the sheriff or any parish or municipal authority or the deputy, employee, or agent of the sheriff or the parish or municipal authority was a substantial factor in causing the injury. No provision hereof shall negate the requirement to provide a prisoner with necessary medical treatment as statutorily required.
In the event that the parish used its own personnel to tear down condemned buildings, its liability would also be limited by La.R.S. 33:4765(B) and (E), which provide:
 (B) In the event the owner or occupant of the building or structure fails or refuses to comply with the decision of the governing authority of the parish or municipality and fails to appeal therefrom within the legal delays . . . then, in that event, the mayor or chief executive may proceed with the demolition or removal of the condemned building, structure, or public nuisance, in which case *Page 4 
neither the parish president, police jury, or mayor nor the parish or municipality shall be liable in damages.
 (E) In the event all procedural protections and substantive restraints have been adhered to by the parish or municipal governing authority, the parish or municipality and their personnel . . . shall not be liable to the owner of the building, structure, or public nuisance for any damages sustained resulting from the demolition of the building, structure, or public nuisance.
In regard to your fourth and fifth questions regarding the use of volunteers to demolish and/or remove condemned properties, our research revealed no law that would prohibit a parish from using volunteers to complete this project. However, we would caution you that volunteers should not be allowed to go onto private property without the parish first obtaining permission from the property owner. We would also recommend that the police jury have every volunteer sign a waiver releasing the parish and police jury from any and all liability. We also point out that there are certain limitations applicable to lawsuits against political subdivisions. La.R.S. 13:5106(B)(1) provides that "the total liability of the state and political subdivisions for all damages for personal injury to any one person, including all claims and derivative claims, exclusive of property damages, medical care and related benefits and loss of earnings, and loss of future earnings, as provided in this Section, shall not exceed five hundred thousand dollars, regardless of the number of suits filed or claims made for the personal injury to that person."
Accordingly, it is the opinion of this office that La.R.S. 15:708 permits the use of inmate labor to demolish or maintain public property and property of an organization which has qualified for tax-exempt status under 26 USC 501(c)(3), 501(c)(19), or501(c)(23). If the property is being condemned by the police jury pursuant to La.R.S. 33:3761 is private property (other than property belonging to a non-profit corporation) and the condemnation proceeding does not result in the political subdivision becoming owner of the property (as in an expropriation proceeding), then inmate labor cannot be used on the property. If the property or overgrown lots are public property, inmate labor can be used to maintain the property and the sheriffs and parish's liability is limited by La.R.S. 15:708(H). If the parish uses its own personnel to demolish condemned properties, its liability is limited by La.R.S. 33:4765. It is further the opinion of this office that the police jury may accept volunteers in the demolition process of condemned buildings. There are no statutes limiting the police jury's liability for injuries sustained by volunteers working on condemned buildings aside from the general limitation of liability of liability statutes applicable to all political subdivisions, i.e., La.R.S. 13:5106(B)(1). For that reason, we would strongly recommend that volunteers only be allowed to help tear down condemned property that is privately owned (after obtaining the property owner's permission) upon executing a waiver releasing the parish from all liability. *Page 5 
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By: __________________________ Lindsey K. Hunter Assistant Attorney General
 JDC/LKH/crt
[1] This office has previously opined that inmate labor can be used on public property. Atty. Gen. Op. No. 00-455.